**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

FILED

June 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| PATRICIA LOVE, | ) |
| | ) |
| Plaintiff/Appellant, | ) MADISON CIRCUIT |
| | ) |
| v. | ) Hon. Whit Lafon, Judge |
| | ) |
| AMERICAN OLEAN TILE COMPANY | ) No. 02-S-01-9508-CV-00077 |
| and LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants/Appellees, | ) |
| | ) |
| AND | ) |
| | ) |
| SUE ANN HEAD, DIRECTOR, OF | ) |
| THE DIVISION OF WORKERS' | ) |
| COMPENSATION, STATE OF | ) |
| TENNESSEE, | ) |
| | ) |
| Defendant/Appellee. | ) |


**CONCURRING AND DISSENTING OPINION**


I rely on my concurring and dissenting opinion in Bomely v. Mid-American Corp., ___ S.W.2d ___ (Tenn. 1998). While I agree with the majority's conclusion that awards of permanent and total disability are payable to age sixty-five, I continue to disagree, as voiced in my Bomely dissent, with the majority's analysis of apportionment which discourages employers from hiring the handicapped and is contrary to the stated legislative purpose behind the Second Injury Fund legislation. An employer's liability should be limited to the first 400 weeks of benefits unless the subsequent injury would have in and of itself caused permanent and total disability in the absence of any prior injuries or disabilities. In such cases, the employer should bear responsibility for the entire award to age sixty-five.

I agree with the majority that Tenn. Code Ann. § 50-6-102(a) is applicable to this case. I, however, continue to disagree, as voiced in my previous dissent, with the majority's conclusion that Tenn. Code Ann. §§ 50-6-102(a) & (b) are not mutually exclusive and may be applicable to the same case. I cannot subscribe to an analysis which results in two subsections applying to the same injury and yielding different results. I would apply subsection (a) exclusively whenever an employee has sustained prior injuries from "any cause or origin" and becomes "permanently and totally disabled through a subsequent injury." I would apply subsection (b) only when an employee is able to continue to earn a wage but has received compensable permanent partial disability awards that in the aggregate exceed 100 percent. This approach resolves the ambiguities caused by the majority's approach, is consistent with the plain language and history of Tenn. Code Ann. § 50-6-102 and furthers the legislative intent which prompted the Second Injury Fund legislation.

_____
JANICE M. HOLDER, JUSTICE
